UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DIRECTV, INC.,

    Plaintiff,

v.                                        Case No. 5:03-CV-148

ROGER HUGHES d/b/a HUGHES                 HON. GORDON J. QUIST
COMMUNICATIONS and JOHN
DOES 1-5,

    Defendants.
_____/

## OPINION

Plaintiff, DIRECTV, Inc. ("DIRECTV"), has sued Defendant, Roger Hughes ("Hughes") d/b/a Hughes Communications, alleging that he violated the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201, et seq., and the Federal Communications Act of 1934, as amended 47 U.S.C. § 605, by offering to the public, marketing, and trafficking in certain pirate software designed, produced, and/or marketed for the purpose of circumventing DIRECTV's encryption and conditional access technological measures used by DIRECTV to prevent the theft of, and unlawful access to, DIRECTV's satellite programming. Hughes failed to appear or defend, and on May 10, 2004, the Clerk entered a default against Hughes.[1] On March 23, 2005, the Court issued an Order setting a hearing on damages for April 27, 2005, and requiring DIRECTV to serve a copy of the Order on Hughes and certain other defaulting defendants. On March 28, 2005, DIRECTV filed a proof of service confirming service on Hughes. The damages hearing was held on April 27, 2005, but Hughes did not appear.

---

[1] John Does 1-5 were never served. Therefore, the Court will dismiss John Does 1-5 in the Order accompanying this Opinion.

DIRECTV alleged in its complaint that Hughes owned and/or operated the website located at http://www.cardclinic.org (the "Website"), and that the Website was dedicated to offering and marketing software that enabled the user to circumvent DIRECTV's encrypted satellite signals and receive programming without authorization. (Compl. ¶¶ 26-28.) The software available through the Website included files known as "3M scripts" and entitled aug27BIN and aug29BIN. (Id. ¶ 29.) In connection with the damages hearing, DIRECTV presented evidence that the phrase "3M" is commonly used to describe software used to receive DIRECTV's encrypted programming without authorization. (Risler Dep. at 68, Pl.'s Mem. Supp. Ex. C.) DIRECTV also alleged that persons interested in acquiring pirate software through the Website could purchase a software membership club subscription and would receive the pirate software from Hughes via e-mail. (Compl. ¶ 30.)

On August 26, 2002, a private investigator retained by DIRECTV sent an e-mail to the Website stating that he would like to purchase a six-month subscription to the software membership club. In response to an e-mail from the Website signed by "Roger" and providing registration instructions, the investigator mailed a money order for $75 to a Lansing, Michigan address connected to Hughes. On August 30, 2002, the investigator received an e-mail from the Website, again signed by "Roger", confirming that the money order had been received. The e-mail provided instructions for initiating the membership in order to receive pirate software. The investigator followed the directions and received an e-mail from the Website signed by "Roger" with an attachment named "aug29BIN." The e-mail advised that "everything is sent by e-mail once you are in the database when a file goes down you will receive a new one." On August 30, 2002, the investigator received another e-mail from the Website signed by "Roger" with a file attachment named "aug27.BIN." The message advised that the wrong script had previously been sent. (Id. ¶¶ 32-34.) The files provided by the Website are well-known pirate software files used specifically to circumvent DIRECTV's security measures. (Id. ¶ 35.) Although DIRECTV is unable to show how many customers

purchased software or other products from the Website, it presented evidence showing that the Website had 351,862 visitors as of August 6, 2002. (Pl.'s Mem. Supp. Ex. D.)

It is well-established that once a default is entered against a defendant, that party is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. Antoine v. Atlas Turner, Inc., 66 F.3d 105, 110-11 (6th Cir. 1995); Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993). Therefore, by his default, Hughes has admitted all facts to establish his liability. DIRECTV is entitled to a default judgment pursuant to Fed. R. Civ. P. 55(b)(1). However, DIRECTV must still establish its damages. Antoine, 66 F.3d at 110.

DIRECTV requests an award of damages in the amount of $102,500 plus $850 as reasonable attorney's fees and costs. DIRECTV requests an award of the maximum statutory damages permitted under 47 U.S.C. § 605(e)(3)(C)(i)(II) for one violation of § 605(e)(4). Section 605(e)(4) provides: "Any person who . . . sells, or distributes any electronic . . . or other device or equipment, knowing or having reason to know that the device or equipment is primarily of assistance in the unauthorized decryption of satellite cable programming . . ." is subject to criminal and civil penalties. Section 605(e)(3)(C)(i)(II) states that a court may award an aggrieved party "statutory damages in a sum not less than $10,000, or more than $100,000, as the court considers just" for violations of § 605(e)(4). Based upon the facts established by the complaint as well as by the additional evidence DIRECTV presented in support of its request for damages, the Court concludes that an award of $100,000 is justified. The evidence shows that Hughes violated § 605(e)(4) and that he did so knowingly. Moreover, although there is no evidence regarding the number of violations, it is reasonable to conclude, based upon the number of hits on the Website, that there were numerous violations. Finally, an award of maximum statutory damages is appropriate because DIRECTV has presented evidence showing that it incurs significant expense and employs significant resources in order to combat piracy, and Hughes' conduct contributed to this expense.

3

The Court also concludes that DIRECTV is entitled to an award of statutory damages in the amount of $2,500 for violating 17 U.S.C. §§ 1201(a)(1), (2), and (b)(1). Hughes violated these sections by marketing and trafficking in software and electronic devices used to circumvent technological measures designed to restrict access to DIRECTV's copyrighted works.

DIRECTV also requests an award of attorney's fees in the amount of $850 pursuant to 47 U.S.C. § 605(e)(3)(B)(iii). The Court concludes that this is a reasonable fee for the work performed in this case. Finally, the Court will grant DIRECTV's request for a permanent injunction prohibiting Hughes from further violating §§ 605(a) and (e)(4).

An Order consistent with this Opinion will be entered.


Dated: May 17, 2005                              /s/ Gordon J. Quist
                                                GORDON J. QUIST
                                         UNITED STATES DISTRICT JUDGE